ASSESSORS OF CLIFTON, *petitioners for location of public lots.*

When persons, appointed to decide upon the property rights of others, are required by law to give previous notice of the time or place of their proceeding, the giving of such notice is not an outside act, but is one *embraced in the trust* to them committed.

If the law require that such persons, *before* acting under their appointment, shall take an oath of faithfulness, they must take the oath *before proceeding to designate, by notifications,* the time and place of their proceeding.

Proceedings had pursuant to such notifications, issued before the taking of the oath, cannot be sustained.

Thus, commissioners appointed under the R. S. chap. 122, to locate public lots, in lands granted by the State, must be sworn *before* giving to parties the notice to which the Act entitles them.

If not so sworn, their doings under their warrant cannot be accepted.

EXCEPTIONS from the District Court, HATHAWAY, J.

Three commissioners were appointed by the District Court, under R. S. chap. 122, to set off the public lands, reserved in a tract which had been granted by the State.

The statute requires that, before acting under their warrant, they should take an oath of faithfulness, and that they should give thirty days previous notice of the time and place of their meeting to discharge their trust.

Such a notice they gave. They took the oath prior to the meeting, but not until after having given the notice.

Having acted upon the subject committed to them, their report was offered at the District Court. Its acceptance was resisted by J. B. Hill, Esq., one of the proprietors of the tract.

One of his objections was, that the time and place of the commissioners' meeting had been fixed upon and notified *before* they had taken the oath of faithfulness.

For that reason, *as a position of law*, the report was reject-ed ; and to that rejection, these exceptions were taken.

*Peters*, for petitioners.

*Appleton*, for respondent.

WELLS, J., orally. — The thirty days notice was a require-ment of law. It was therefore an *official* act, an act involving the exercise of impartiality in the selection of the time and place of hearing. The law contemplated that the oath would be a guaranty for their impartiality, as well in selecting the time and place, as in any other part of their doings.

Such a guaranty the respondents were entitled to, and they were deprived of it, for the selection of the time and place was made when no oath had been taken.

*Exceptions overruled.*